CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 16 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY ANDERSON, | ) | Civil Action No. 7:11-cv-00228 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNKNOWN, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Terry Anderson, a Virginia inmate proceeding pro se, filed a letter that the court construes as a motion for a temporary restraining order. Plaintiff believes his constitutional rights are violated by having correctional staff present and listening while he converses with an attorney and a psychiatrist. Plaintiff tried to file an informal grievance about this issue, but prison staff removed all informal complaint forms from inmates to prevent their access to the grievance procedure. Staff told plaintiff that if he tried to file a complaint that he would be killed and his death blamed on a gang member. Plaintiff asks if the court can "help him."

The purpose of a Temporary Restraining Order is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). Pursuant to Federal Rule of Civil Procedure 65(b), the court may issue a Temporary Restraining Order without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" In addition, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required. (Id.) Moreover,

the movant must establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Defense Council, Inc., 129 S. Ct. 365, 374-76 (2008).

Plaintiff failed to comply with Rule 65 because he did not submit specific, relevant facts in an affidavit or verified complaint. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009) (stating a court can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions). Notably, plaintiff fails to establish that he is likely to suffer irreparable harm without the preliminary injunction. Plaintiff fails to identify who places him at risk of death and does not establish any person's intent or ability to cause him harm. Plaintiff merely speculates about an unknown possibility of harm based on a threat. See Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995) ("a future or conjectural threat of injury is insufficient to justify injunctive relief"); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right). Plaintiff also fails to establish how an order to remove correctional staff from supervising plaintiff when meeting with an attorney and psychiatrist based on speculative and unsubstantiated fears furthers the public's interest, especially when the public's interest is to maintain prison security. Furthermore, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Moreover, plaintiff fails to file a complaint to form a basis of a civil action, and, thus, he cannot ultimately

succeed on the merits. Based on the allegations in the filing and the present status of the case, plaintiff fails to establish that he is likely to succeed on the merits or that the balance of equities tips in his favor. Accordingly, plaintiff fails to establish the requirements for a temporary restraining order, and the court denies his request. Insofar as no complaint accompanies the motion, the action is stricken from the active docket of the court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This /6th day of May, 2011.

/s/ James C. Turk
Senior United States District Judge